IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARNELL ROBINSON, : | |
| : | |
| **Plaintiff,** : | |
| : | CIVIL ACTION |
| v. : | |
| : | |
| : | |
| MICHAEL NUTTER, et al., : | NO. 13-538 |
| : | |
| **Defendants.** : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                       February 2, 2017

*Pro se* plaintiff Darnell Robinson brings this action under 42 U.S.C. § 1983. He alleges violations of his constitutional rights while incarcerated at Curran-Fromhold Correctional Facility ("CFCF"). Defendants, Michael Nutter, Louis Giorla, and John Delaney ("defendants") have filed a motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons described below, the motion to dismiss will granted. Plaintiff will be given leave to file an amended complaint.

**I.      BACKGROUND**

Plaintiff was incarcerated at CFCF in Philadelphia from March 6, 2011 to January 7, 2013. During that time, he claims he was housed in a three-person cell that was originally designed for two people. Plaintiff asserts what is commonly referred to as a

1

"triple celling" claim. Plaintiff alleges he is forced to sleep in a "boat."[1] This boat is situated next to the toilet, exposing plaintiff to urine and fecal matter.

Plaintiff also alleges he was subjected to inadequate medical treatment. He claims the prison has subjected him to "lockdowns," inadequate medical care, neglected his basic life's necessities, barred him access to the courts, alienated him from his family, and put him under risk of serious harm. Plaintiff claims he has experienced bugs, roaches, and mice in his cell.

Plaintiff further alleges his mattress is not sterilized and his laundry is not done properly. Finally, plaintiff alleges that the defendants "each play an integral part in the Daily [sic] operations at CFCF." (Doc. No. 7 at 3). He has named former Mayor Michael Nutter, Louis Giorla, CFCF Warden John Delaney, and the Prison Health System as defendants.[2]

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45–46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the

---

[1] A boat is a plastic tray that is used as a bed when prisons are overcrowded.

[2] The City of Philadelphia is not a party to this action.

plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir.1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which she bases her claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir.1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Card Service Ctr., 464 F.3d 450, 456 (3d Cir. 2006) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). Courts construe a plaintiff's allegations liberally when he or she is proceeding *pro se*. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

The defendants offer one basis in support of their motion to dismiss. They argue that the complaint fails to state a claim because plaintiff has not alleged any facts indicating the defendants had "personal involvement" in the constitutional violations. It is clear from plaintiff's complaint that defendants are correct.

### A.   *Supervisor Liability*

Under Section 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds, Taylor v. Barkes, 135 S. Ct. 2042 (2015).[3] There are two ways that a supervisor may be held liable under Section 1983 for acts committed by his or her subordinates. Barkes, 766 F.3d at 316. A supervisor may be liable if they "with deliberate indifference to the consequences, established and maintained a policy, practice, or custom which directly caused [the] constitutional harm." Id. (alteration in original). A supervisor may

---

[3] In Barkes, the U.S. Court of Appeals for the Third Circuit addressed a Section 1983 claim that an inmate's suicide was the result of the prison's failure to implement suicide prevention protocols. 766 F.3d at 327–28. The U.S. Supreme Court reversed judgment because it found that there was no clearly established right of an incarcerated person to implementation of such protocols. Taylor, 135 S. Ct. at 2044–45. Nonetheless, the other established principles of Section 1983 jurisprudence espoused by the Third Circuit were not questioned by the Supreme Court.

be liable also if he or she "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." Id.

To establish that supervisors are liable under § 1983 for deliberate indifference to an unconstitutional policy or practice, "[t]he plaintiff must (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underlying violation resulted from the supervisor's failure to employ that supervisory practice or procedure." Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)); Barkes, 766 F.3d at 330. In Brown, the Third Circuit emphasized that "it is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the supervisor had done more than he or she did." Brown, 269 F.3d at 216 (citing Sample, 885 F.2d at 1118). A plaintiff must specifically identify the acts or omissions of the supervisors that show deliberate indifference, and suggest a relationship between the "identified deficiency" of a policy or custom and the injury suffered. Id.

Defendants only addresses one of the two avenues by which a plaintiff may establish supervisor liability under Section 1983: personal involvement. Viewing the complaint in a light most favorable to plaintiff, and liberally construing his pleadings,

there are not sufficient facts to establish that any of the defendants were personally involved in a constitutional violation.

The complaint does not allege any custom or practice relating to housing inmates in overcrowded cells, inadequate medical care, or any other prison conditions. The only allegation remotely referring to the defendants is plaintiff's statement that each defendant plays "an integral part in the daily operation at CFCF." (Doc. No. 7 at 3). This sort of conclusory allegation is not sufficient, without more, to survive a motion to dismiss. Santiago v. Warminster Twp., 629 F.3d 121, 131 (3d Cir. 2010). Other judges have reached the same conclusion with respect to boilerplate conclusory statements made in triple celling cases. E.g., Crews v. Resnick, Civ. A. No. 16-978, 2016 WL 7028057, at *4 (E.D. Pa. Nov. 30, 2016) (Goldberg, J.); Rivera v. Nutter, Civ. A. No. 13-6931, 2014 WL 3855335, at *2 (E.D. Pa. Aug. 5, 2014) (Shapiro, J.). Without plausible allegations of personal involvement, plaintiff's complaint fails to state a claim for relief. As a result, the defendants' motion to dismiss will be granted.

### B. Leave to Amend

After a motion to dismiss has been filed, district courts should inform a plaintiff he has leave to amend his complaint within a set period of time, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). It is conceivable that plaintiff could amend his complaint to (1) more clearly detail facts to support a claim that his constitutional rights were violated due to prison conditions during his incarceration, and (2) state a viable claim of supervisor liability for

injuries suffered as a result of triple celling. Consequently, plaintiff will be granted leave to amend his complaint.

## IV.  CONCLUSION

For all the reasons discussed above, I will grant defendants' motion to dismiss plaintiff's claim. Plaintiff will be granted leave to amend his complaint.

An appropriate Order follows.