IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARNELL ROBINSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| | : | |
| MICHAEL NUTTER, et al., | : | NO. 13-538 |
| | : | |
| Defendants. | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                     May 4, 2017

In 2013, *pro se* plaintiff Darnell Robinson filed this action under 42 U.S.C. § 1983. He alleges violations of his constitutional rights while incarcerated at Curran-Fromhold Correctional Facility ("CFCF"). Defendant, Corizon, LLC, filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

For the reasons described below, I will grant the motion.

## I.    FACTUAL BACKGROUND

Plaintiff was incarcerated at CFCF in Philadelphia from March 6, 2011 to January 7, 2013. During that time, he claims he was housed in a three-person cell that was originally designed for two people. Plaintiff asserts what is commonly referred to as a "triple celling" claim. Plaintiff alleges he is forced to sleep in a "boat." A boat is a plastic tray that is used as a bed when prisons are overcrowded. This boat is situated next to the toilet, exposing plaintiff to urine and fecal matter.

Plaintiff also claims the prison has subjected him to "lockdowns," inadequate medical care, neglected his basic life's necessities, barred him access to the courts, alienated him from his family, and put him under risk of serious harm. Plaintiff claims he has experienced bugs, roaches, and mice in his cell. Plaintiff further alleges his mattress is not sterilized and his laundry is not done properly. Plaintiff alleges that the defendants "each play an integral part in the Daily [sic] operations at CFCF." (Doc. No. 7 at 3). He has named former Mayor Michael Nutter, Louis Giorla, CFCF Warden John Delaney, and the Prison Health System as defendants.[1]

## II. PROCEDURAL BACKGROUND

Plaintiff commenced this action, four years ago, on June 30, 2013. (Doc. No. 1). His original application to proceed *in forma pauperis* was denied on February 5, 2013. (Doc. No. 2). Thereafter, plaintiff filed an amended application to proceed *in forma pauperis*, which was granted May 22, 2014. (Doc. No. 6). Plaintiff sued various entities: (1) Michael Nutter, (2) CFCF Warden Louis Giorla, (3) Philadelphia Prison System Commissioner John Delaney, and (4) Prison Health System.[2]

Corizon timely filed an answer to plaintiff's complaint, but the other defendants filed a motion to dismiss the complaint on September 3, 2014. (Doc. No. 12). Plaintiff

---

[1] The City of Philadelphia is not a party to this action.

[2] Prison Health System—the only remaining defendant still a party to this case and the instant motion to dismiss—is now identified, and referred to throughout this opinion, as Corizon, LLC. All claims against defendants Nutter, Giorla, and Delaney were previously dismissed for failure to state a claim. See Robinson v. Nutter, Civ. A. No. 13-538, 2017 WL 1330507 (E.D. Pa. Feb. 3, 2017) (Stengel, J.).

never responded to this motion to dismiss and, consequently, on October 29, 2014, the late Judge Norma L. Shapiro granted the motion to dismiss. (Doc. No. 13).[3]

For the next three-and-a-half months, nothing was filed or docketed by the plaintiff. On February 19, 2015, Judge Shapiro dismissed the action without prejudice for lack of prosecution. (Doc. No. 14). A month later, the plaintiff filed a notice of change of address, motion to appoint counsel, and motion to reopen the case. (Doc. Nos. 15, 16, 18). Judge Shapiro granted plaintiff's motion to appoint counsel and motion to reopen the case. On October 22, 2015, the case was reopened and plaintiff's case was referred to the Prisoners Civil Rights Panel for appointment of counsel. (Doc. No. 21). The case was placed in administrative suspense pending a decision by the Civil Rights Panel. (Id.).

On March 7, 2016, plaintiff filed another notice of change of address indicating that he was no longer incarcerated. (Doc. No. 22).[4] On August 1, 2016, plaintiff's case was reassigned from Judge Shapiro to Judge Mitchell S. Goldberg. (Doc. No. 23). Three months later, after nearly a year on the Panel, no attorney had taken plaintiff's case, so it was removed from the Panel on November 3, 2016. (Doc. No. 24).[5] In this same November 3, 2016 Order, Judge Goldberg vacated Judge Shapiro's previous orders that had dismissed the action. (Id.). Judge Goldberg gave the plaintiff until November 17,

---

[3] This case was originally assigned to Judge Shapiro.

[4] Plaintiff listed his address as 315 South Broad Street, Philadelphia, Pennsylvania, which is the address for Broad Street Ministry—a Christian-based community center that, among other things, provides housing to people who are experiencing homelessness or transitioning back into society after a period of incarceration.

[5] Judge Shapiro's October 21, 2015 Order gave a deadline of December 23, 2015 for an attorney to accept plaintiff's case from the Panel. (Doc. No. 21 at p. 2 ¶ 3).

2016, to file a response to the individual defendants' motion to dismiss, which, as mentioned above, had originally been filed on September 3, 2014. November 17, 2016 came and went. Plaintiff never filed a response as ordered by Judge Goldberg.

On December 20, 2016, this case was reassigned from Judge Goldberg to me. (Doc. No. 26). The next day, over a month after plaintiff's deadline to respond to the motion to dismiss had passed, the individual defendants filed a motion to dismiss for lack of prosecution. (Doc. No. 25). Plaintiff never filed a response to this motion.

On February 3, 2017, I granted defendants Giorla, Nutter, and Delaney's reopened 2013 motion to dismiss for failure to state a claim. Robinson v. Nutter, Civ. A. No. 13-538, 2017 WL 1330507 (E.D. Pa. Feb. 3, 2017) (Stengel, J.). In doing so, I gave plaintiff leave to amend his complaint and allowed him 21 days to file an amended complaint. (Doc. No. 29 ¶ 2).[6] It is now months beyond plaintiff's deadline to file an amended complaint and he has still not done so. On January 19, 2017, Corizon filed a motion to dismiss for lack of prosecution. (Doc. No. 27). Plaintiff has not filed a response to this motion either. Since the inception of this case, Corizon alleges plaintiff has failed to respond to any of it numerous discovery requests and letters. (Doc. No. 27).

On April 12, 2017, I ordered plaintiff, within fourteen (14) days, to file a brief to show cause why his case should not be dismissed for failure to prosecute. (Doc. No. 34). Those fourteen (14) days have gone by. Plaintiff never filed his show-cause brief as ordered.

---

[6] Because I had granted Giorla, Nutter, and Delaney's motion to dismiss for failure to state a claim, I denied as moot their motion to dismiss for failure to prosecute. (Doc. No. 33).

4

**III. LEGAL STANDARD**

Federal Rule of Civil Procedure 41 governs the voluntary and involuntary dismissal of actions. See Fed. R. Civ. P. 41. Rule 41(b) provides a basis for dismissing an action for failure to prosecute: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) "operates as an adjudication on the merits." Id.

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d. Cir. 1984), the U.S. Court of Appeals for the Third Circuit set forth the legal framework for deciding whether to dismiss an action for failure to prosecute. In deciding this issue, district courts consider: (1) the extent of the plaintiff's personal responsibility; (2) prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868. No single Poulis factor is dispositive. Briscoe v. Klaus, 538 F.3d 252, 263 (3d. Cir. 2008). Not all six Poulis factors need to be satisfied in order to dismiss an action for failure to prosecute. Id.

**IV. DISCUSSION**

Corizon moves to dismiss the complaint for failure to prosecute. Plaintiff has not filed a response to this motion to dismiss.

*A. Failure to Prosecute*

I find the majority of the Poulis factors weigh in favor of dismissal.

First, the Third Circuit has been clear that *pro se* litigants are personally responsible for their failure to comply with court orders, discovery deadlines, and the overall progression of their case. Briscoe, 538 F.3d at 258–59 ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney."). On the record before me, it is clear that plaintiff has failed to meet deadlines, file an amended complaint, or respond to the defendants' motions and pleadings. It is also clear that plaintiff has failed to respond to various discovery requests and my April 12, 2017 order to show cause. As a *pro se* litigant, plaintiff is solely responsible for the progress of his case. Id. Therefore, I find the first Poulis factor satisfied.

Second, Corizon will be—and has been—prejudiced by plaintiff's failure to prosecute his case. In this context, "prejudice" may result when the adversary is unable to effectively prepare for trial or when the adversary is deprived of necessary information in the discovery process. Briscoe, 538 F.3d at 259–60. Here, Corizon has been prejudiced by plaintiff's failure to prosecute in several ways. Because plaintiff has failed to respond to any discovery requests, Corizon has been unable to secure information necessary for it to prepare a defense to plaintiff's claims. This is especially prejudicial given that this case has been pending for four years. In turn, plaintiff's failure to respond to discovery, or otherwise prosecute his case, has left Corizon with no other option but to expend its resources by filing numerous motions with this Court regarding plaintiff's failure to prosecute. While I am certainly cognizant of plaintiff's *pro se* status, four years into this

litigation, Corizon ought to be afforded some amount of discovery to mount a defense or prepare for trial. That has not happened here. Accordingly, I find the second Poulis factor established.

I also find the third Poulis factor—a history of dilatoriness—satisfied here. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Id. at 260 (quoting Adams v. Trustees of N.J. Brewery Employees' Pension Tr. Fund, 29 F.3d 863, 874 (3d Cir. 1994)). Here, plaintiff has not only been tardy in complying with multiple court orders—he has failed to comply with them at all. As an example, early on in this litigation, Judge Shapiro dismissed plaintiff's claims for failure to prosecute. Upon reassignment, Judge Goldberg, without any prompting by the plaintiff, vacated those orders to allow the plaintiff another chance to prosecute his case. Even after this happened, plaintiff still failed to adhere to Judge Goldberg's deadlines to respond to motions to dismiss or otherwise comply with court orders. Most recently, I ordered plaintiff to file a brief to show cause why his case should not be dismissed. Plaintiff has failed to comply with that Order as well. The history of plaintiff's dilatoriness in this case is well-documented.

It is unclear whether the fourth Poulis factor—willfulness or bad faith—is satisfied. Since plaintiff has not responded to any of the defendants' filings or discovery requests, it is impossible to know why he has abandoned litigating his case. The one fact weighing in favor of willfulness (though not necessarily bad faith) is that plaintiff has historically been diligent of informing the court of his changes in address. This suggests

that plaintiff has continually received the defendants' filings and this court's orders, but consciously decided—for whatever reason—to not respond.

In considering the fifth Poulis factor, I find that sanctions other than dismissal here would not be effective. Where, as here, the plaintiff is proceeding *pro se* or *in forma pauperis*, awarding expenses or attorney's fees "would not be an effective alternative" to dismissal. Briscoe, 538 F.3d at 262–63. Here, plaintiff was incarcerated and without monetary income for some time. Even after incarceration, he lived at Broad Street Ministry. It is thus clear that alternative (*i.e.* monetary) sanctions would not be appropriate or effective here.

Finally, as to the sixth Poulis factor, without the opportunity of discovery (due to plaintiff's failure to engage in discovery) I am unable to meaningfully comment on the meritoriousness plaintiff's claims against Corizon. With that said, I must "use the standard for a Rule 12(b)(6) motion" in determining the meritoriousness of plaintiff's claims against Corizon. Id. at 263. Under this standard, plaintiff's allegations against Corizon for inadequate medical care do not appear to rise above anything but threadbare recitals and boilerplate allegations. (Doc. No. 7 at 3 § D).

On balance, and taken together, the Poulis factors weigh in favor of dismissal.[7]

---

[7] I will not grant plaintiff leave to amend his complaint. He has been given ample opportunities to prosecute his claim but has failed to do so. His case was initially dismissed by Judge Shapiro in 2015 for failure to prosecute. Judge Goldberg reopened the case and gave plaintiff more time to file a response to the motions to dismiss, which plaintiff did not do. I granted the individual defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim, but gave plaintiff a certain amount of time to file an amended complaint, which he never did. In addition, plaintiff never responded to the latest motion to dismiss for lack of prosecution. Most recently, I ordered plaintiff to file a brief, within a certain amount of time, to show cause as to why his action should not be dismissed. Plaintiff never did this.

## IV. CONCLUSION

For all the reasons discussed above, I will grant Corizon's motion to dismiss plaintiff's claim.

An appropriate Order follows.